UNITED STATES of America and Ronald V. COREY, Special Agent, Internal Revenue Service, Petitioners,

v.

Patricia HOOPINGARNER, Respondent.

Civ. A. Misc. No. 109.

United States District Court,
N. D. New York.

Aug. 1, 1977.

Paul V. French, U.S. Atty., Syracuse, N.Y., for United States; Joseph R. Mathews, Asst. U.S. Atty., Syracuse, N.Y., of counsel.

MacKenzie, Smith, Lewis, Michell & Hughes, Syracuse, N.Y. for respondent; [a] Clayton H. Hale, Jr., Syracuse, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, District Judge.

This is an action brought pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) to enforce an Internal Revenue Summons issued to respondent herein. The respondent, whose

income tax returns for the years 1973, 1974, and 1975 are being investigated, appeared as directed in the Summons, but refused to provide petitioners with the handwriting exemplars requested.

 It is well settled that compelled production of physical characteristics is nontestimonial in nature and therefore not entitled to protection under the Self Incrimination Clause of the Fifth Amendment. See, e. g. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Accordingly, it is clear that the Fifth Amendment does not shield a person from the compelled production of handwriting exemplars. *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

The analysis of this case, as it relates to the Fourth Amendment, is two-pronged, involving review of both the initial seizure of the respondent (here, the compelled appearance under color of Summons or Subpoena), and the subsequently ordered production of a handwriting sample or exemplar. Cf. *United States v. Dionisio*, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973), and *United States v. Mara*, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973).

 The initial seizure in this case, involving as it does both a statutory grant of investigative Summons power, 26 U.S.C. § 7602 and a provision for court enforcement, 26 U.S.C. § 7604, is not offensive of the principles contained in the Fourth Amendment. See *United States v. Dionisio, supra.* *United States v. Mara, supra; United States v. Doe*, 457 F.2d 895 (2d Cir. 1972) cert. den. 410 U.S. 941, 93 S.Ct. 1376, 35 L.Ed.2d 608, all cases of which relate to handwriting or voice exemplars compelled by a grand jury. As is true with grand jury Subpoenas, this case involves *no* stigma of the magnitude condemned in *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969) (mass seizure to take fingerprints) and *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (stop and frisk). Grand jury Subpoenas and IRS Summonses together enjoy the benefits of the interposition of a neutral magistrate between the subject and the investigating agency to prevent abuses and are therefore analogous. *United States v. Bisceglia*, 420 U.S. 141, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975). For this reason, the initial seizure does not violate the Fourth Amendment. *United States v. Doe, supra.*

 The compelled production of handwriting exemplars likewise violates no constitutionally protected right. Since there can be no reasonable expectation of privacy with respect to one's physical characteristics which are daily exposed to the public, they are not protected by the Fourth Amendment. *United States v. Dionisio, supra; United States v. Mara, supra.* As was stated by Judge Friendly in *United States v. Doe* :

Handwriting and voice exemplars fall on the side of the line where no reasonable expectation of privacy exists. Except for the rare recluse who chooses to live his life in complete solitude, in our daily lives we constantly speak and write, and while the content of a communication is entitled to Fourth Amendment protection, *Katz v. United States, supra*, the underlying identifying characteristics—the constant factor throughout both public and private communications—are open for all to see or hear. *United States v. Doe, supra* at 898.

 It is therefore clear that the compelled production, by IRS Summons, of handwriting exemplars does not violate any constitutionally protected rights. This does not end the present inquiry, however.

 The power of the IRS to summon people and records is purely one of statute, and must accordingly be limited to the circumstances outlined in the statute (in this case, 26 U.S.C. § 7602), *United States v. Bisceglia, supra* ; see also 8A Merten's Law of Federal Income Taxation § 47.51. Applying 26 U.S.C. § 7602 to the compelled production of handwriting exemplars, two

courts have found the authority to order it, *United States v. Rosinsky*, 77–1 U.S.T.C. ¶ 9151 (CCH 86, 212, 4th Cir. 1977); *United States v. Campbell*, 524 F.2d 604 (8th Cir. 1975), while one has found that authority lacking. *United States v. Brown*, 536 F.2d 117 (6th Cir. 1976). The disagreement has come over the phrase "or other data", and whether it can be said to include such items as handwriting exemplars, which are generally not in existence at the time the Summons is issued. In *Brown*, the Court followed the statute construction principle of *ejusdem generis* (loosely translated as: when a list is followed by general words of inclusion, those words relate only to items of the type already listed), and determined that "other data" referred to items already in existence. The Courts in *Campbell* and *Rosinsky* interpreted the phrase much more broadly, noting that the need for court enforcement was an adequate safeguard against abuse of this liberal interpretation.

█ In light of the Supreme Court's recognition in *United States v. Bisceglia* that the IRS possesses broad investigatory powers, this Court adopts the reasoning of *Rosinsky* and *Campbell*. The respondent is therefore required to appear upon at least twenty (20) days' notice at a time and place designated by the petitioners or their authorized agents. The respondent is further ordered to produce, at that time, handwriting exemplars using the name William S. Prescott, D.O. The petitioners' request for costs is denied.

It is so ordered.